IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROXANNE THOMPSON<br><br>    Plaintiff,<br><br>v.<br><br>KATHY L. RUMER, D.O., F.A.C.O.S;<br>DELAWARE VALLEY AESTHETICS, PLLC<br>D/B/A RUMER COSMETIC SURGERY<br><br>    Defendants. | CIVIL ACTION NO. 2:18-cv-03817 |

## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES OF DEFENDANTS KATHY L. RUMER, D.O. AND DELAWARE VALLEY AESTHETICS, PLLC D/B/A RUMER COSMETIC SURGERY

Defendants, Kathy L. Rumer, D.O. and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, respond to Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. Denied. This allegation states legal conclusions and are denied generally. Furthermore, Answering Defendants are without sufficient information to form a belief as to the allegations with respect to the Plaintiff's state of residency. Strict proof thereof, if relevant, is demanded at the time of trial.

2. Admitted.

3 – 5. Denied. These allegations state legal conclusions and is denied generally.

1

## PARTIES

6. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint. Strict proof thereof, if relevant, is demanded at the time of trial.

7. Admitted in part; denied in part. It is admitted only that Dr. Rumer is a physician specializing in cosmetic, plastic and gender reassignment surgery who is licensed to practice medicine in the Commonwealth of Pennsylvania. It is specifically denied that Answering Defendant was in any way negligent or violated the standard of care.

8. Admitted in part, denied in part. Answering Defendant Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery is a corporation existing under the laws of the Commonwealth of Pennsylvania. It was the employer of Dr. Rumer at the time material to the allegations contained in Plaintiff's Complaint. The remainder of the allegations and/or averments of this paragraph of Plaintiff's Complaint constitute conclusions of law and are denied generally.

9. Admitted.

## FACTS

10. Denied. These allegations state legal conclusions and are denied generally.

11. Admitted in part; denied in part. It is admitted only that Dr. Rumer is a physician specializing in cosmetic, plastic and gender reassignment surgery who is licensed to practice medicine in the Commonwealth of Pennsylvania. It is specifically denied that Answering Defendant was in any way negligent or violated the standard of care. The remainder of the allegations and/or averments of this paragraph of Plaintiff's Complaint constitute conclusions of law and are denied generally.

12. Admitted in part, denied in part. Answering Defendant Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery is a corporation existing under the laws of the Commonwealth of Pennsylvania. It was the employer of Dr. Rumer at the time material to the allegations contained in Plaintiff's Complaint. The remainder of the allegations and/or averments of this paragraph of Plaintiff's Complaint constitute conclusions of law and are denied generally.

13. Admitted in part; denied in part. It is admitted only that Dr. Rumer is a physician specializing in cosmetic, plastic and gender reassignment surgery who is licensed to practice medicine in the Commonwealth of Pennsylvania. It is specifically denied that Answering Defendant was in any way negligent or violated the standard of care. The remainder of the allegations and/or averments of this paragraph of Plaintiff's Complaint constitute conclusions of law and are denied generally.

14 – 15. Denied. These allegations state legal conclusions and are denied generally. By way of further response, all allegations as to agency, apparent agency, servancy, employment, physicians and/or other medical personnel as alleged as to Answering Defendant is denied and strict proof thereof is demanded at trial.

16 – 31. Denied. To the extent these allegations and/or averments are based on Plaintiff's condition and/or course of treatment as set forth in the medical records, the same speak for themselves. To the extent these allegations and/or averments are inconsistent with or contrary to said records, the same are denied with strict proof thereof demanded at the time of trial of this matter if material. By way of further response, Answering Defendant acted in accordance with the applicable standard of care at all times material to the allegations contained in Plaintiff's Complaint.

## COUNT I. NEGLIGENCE

### ROXANNE THOMPSON v. KATHY L. RUMER, D.O., F.A.C.O.S

32. Answering Defendants incorporate by reference each of their responses to the preceding paragraphs of the Complaint as though the same were fully set forth herein at length.

33 – 35. Denied. To the extent that the allegations in these paragraphs are conclusions of law, no responsive pleading is required. By way of further response, Answering Defendants acted in accordance with the applicable standard of care at all times material to the allegations contained in Plaintiff's Complaint.

WHEREFORE, Answering Defendants, Kathy L. Rumer, D.O. and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, hereby demand judgment in their favor and against Plaintiff together with costs, fees, and other such relief as this Honorable Court deems just and equitable under the circumstances.

## COUNT II. NEGLIGENCE

### ROXANNE THOMPSON v. DELAWARE VALLEY AESTHETICS, PLLC d/b/a RUMER COSMETIC SURGERY

36. Answering Defendants incorporate by reference each of their responses to the preceding paragraphs of the Complaint as though the same were fully set forth herein at length.

37 – 39. Denied. To the extent that the allegations in these paragraphs are conclusions of law, no responsive pleading is required. By way of further response, Answering Defendants acted in accordance with the applicable standard of care at all times material to the allegations contained in Plaintiff's Complaint.

WHEREFORE, Answering Defendants, Kathy L. Rumer, D.O. and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, hereby demand judgment in their favor and

against Plaintiff together with costs, fees, and other such relief as this Honorable Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

40. Answering Defendants incorporate by reference each of their responses to the preceding paragraphs of the Complaint as though the same were fully set forth herein at length.

41. Denied. These allegations state legal conclusions and are denied generally.

WHEREFORE, Answering Defendants, Kathy L. Rumer, D.O. and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, hereby demand judgment in their favor and against Plaintiff together with costs, fees, and other such relief as this Honorable Court deems just and equitable under the circumstances.

## RELIEF REQUESTED

Denied. These allegations state legal conclusions and are denied generally.

WHEREFORE, Answering Defendants, Kathy L. Rumer, D.O. and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, hereby demand judgment in their favor and against Plaintiff together with costs, fees, and other such relief as this Honorable Court deems just and equitable under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by a virtue of the doctrine of Contributory Negligence.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by the Doctrine of Comparative Negligence, and thus, any claim must be reduced, as a result of his comparative negligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations. Plaintiff's claims are barred, in whole, or in part, by the Doctrine of Assumption of the Risk.

### FIFTH AFFIRMATIVE DEFENSE

At all times material hereto, Answering Defendants provided treatment to the Plaintiff in accordance with the applicable standard of medical care at the time and place of treatment, and no conduct of Answering Defendants herein was the proximate cause of the alleged injuries or damages to the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

If Answering Defendants were negligent in any respect as alleged in the Plaintiff's Complaint, all such allegations being specifically denied, said Answering Defendants' negligence was passive and the injury sustained by the Plaintiff was the result of an intervening act of a third person or persons which was the superseding cause of the injuries, and therefore, Answering Defendants are not liable.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered injuries as alleged, the same being specifically denied, the injuries were caused by persons, including persons, entities, occurrences, instrumentalities or events unrelated to and/or not under the control of Answering Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the provisions of the Pennsylvania Healthcare Services Malpractice Act, as amended. In accordance with Section 602 of the Healthcare Malpractice Acts, Plaintiff shall have no right to recover for any amount which was paid by a public collateral source of compensation or benefits.

### NINTH AFFIRMATIVE DEFENSE

Pa. R.C.P. 238 relating to delay damages is unconstitutional on its face and as applied.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by Pennsylvania law and legislation regarding joint and several liability.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's alleged issues of informed consent as they apply to the informed consent doctrine, the information provided to the Plaintiff was adequate, following the accepted standards of care at all times, and satisfied the obligations of defendant, Dr. Rumer, in compliance with Pennsylvania law.

### TWELFTH AFFIRMATIVE DEFENSE

That the claims of Plaintiff are barred in whole or in part under the provisions of the Medical Malpractice Act of 1996, No. 135.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims and/or request for damages are barred or limited by the Provisions of the Medical Care Availability and Reduction of Error Act (MCARE), 40 P.S. §1303.101, et seq., as amended. Each and every defense within the MCARE Act is incorporated herein by reference as though the same were fully set forth herein at length.

1683970_1.docx

## FOURTEENTH AFFIRMATIVE DEFENSE

Any award given the Plaintiff shall be offset by any public collateral source of compensation or benefits pursuant to § 602 of the Health Care Services Malpractice Act and Plaintiff's claims for medical expenses must be reduced by the total amount of any and all medical expenses charged, but not actually paid by or on behalf of Plaintiff. Any amount of medical expenses claimed by Plaintiff must be reduced by any expenses that are written off or deducted by any healthcare provider.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to raise the defense of release if and when appropriate.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to amend these affirmative defenses and to raise cross claims and/or counter claims or file third party/joinder complaints if and when the information warranting the same becomes known through the course of discovery in this matter.

WHEREFORE, Answering Defendants, Kathy L. Rumer, D.O. and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, hereby demand judgment in their favor and against Plaintiff together with costs, fees, and other such relief as this Honorable Court deems just and equitable under the circumstances.

GERMAN, GALLAGHER & MURTAGH

BY: _____
John P. Shusted, Esquire
I.D. #44675 – shustedj@ggmfirm.com
Chilton G. Goebel, III, Esquire
I.D. #92811 – goebelc@ggmfirm.com
Lauren A. Green, Esquire
I.D. #322622 – greenl@ggmfirm.com
Attorneys for Defendants
Kathy L. Rumer, D.O., F.A.C.O.S.
and Delaware Valley Aesthetics, PLLC
d/b/a Rumer Cosmetic Surgery
The Bellevue, 5th Floor
200 S. Broad Street
Philadelphia, PA 19102
T: 215-545-7700
F: 215-732-4182

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the within Answer and Affirmative Defenses of Defendants, Kathy L. Rumer, D.O., F.A.C.O.S. and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, was filed and served upon Plaintiff's counsel on _____Oct. 4_____, 2018, by way of the court's electronic filing and notification system.

GERMAN, GALLAGHER & MURTAGH

BY: _____
John P. Shusted
Chilton G. Goebel, III
Lauren A. Green
*Attorneys for Defendants*
*Kathy L. Rumer, D.O., F.A.C.O.S and*
*Delaware Valley Aesthetics, PLLC*
*d/b/a Rumer Cosmetic Surgery*