IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROXANNE THOMPSON<br><br>     Plaintiff,<br><br>v.<br><br>KATHY L. RUMER, D.O., F.A.C.O.S;<br>DELAWARE VALLEY AESTHETICS, PLLC<br>D/B/A RUMER COSMETIC SURGERY<br><br>     Defendants. | CIVIL ACTION NO. 2:18-cv-03817 |

**DEFENDANTS, KATHY L. RUMER, D.O., F.A.C.O.S'S AND
DELAWARE VALLEY AESTHETICS, PLLC D/B/A
RUMER COSMETIC SURGERY'S PRETRIAL MEMORANDUM**

Defendants, Kathy L. Rumer D.O., F.A.C.O.S. and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, by and through their attorneys, German, Gallagher & Murtagh, P.C., respectfully submit the herein Pretrial Memorandum.

**I. INTRODUCTION AND JURISDICTION**

Plaintiff, Roxanne Thompson filed this medical malpractice action claiming that the Defendants (1) failed to have the plaintiff conduct a course of permanent hair removal prior to her initial vaginoplasty and (2) failed to appropriately size the clitoris during the initial vaginoplasty and remove erectile tissue around the clitoris and urethra. Defendants Dr. Rumer and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery deny all liability. This claim has been brought in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1332 due to diversity of citizenship between plaintiff and defendants.

II.     **COUNTERSTATEMENT OF FACTS**

Roxanne Thompson, 47 years old, is an African American woman. She was not employed at the time that she was treated by Dr. Rumer. She transitioned at age 12 and took hormones for many years.

Plaintiff first presented to Dr. Rumer on April 4, 2016 to discuss both gender reassignment surgery and revision breast augmentation. Dr. Rumer cautioned the plaintiff against further breast augmentation, but did discuss gender reassignment surgery and reviewed all of the benefits and risks.

On August 12, 2016 Plaintiff signed the consent for the gender reassignment surgery. Risks delineated on the consent form included, but were not limited to, infection, wound opening/necrosis, vaginal closure, damage to pelvic structures, asymmetries, bleeding, scarring, rectrovaginal fistula, incontinence, hematoma, seroma, numbness, itching, burning, tingling, urethrovaginal fistula, lack of sensation, and need for additional surgery.

The surgery was performed on September 13, 2016 at Delaware County Memorial Hospital and proceeded without incident. Dr. Rumer performed male to female gender reassignment, with creation of a neovagina, clitoris, and labia. Intraoperatively the scrotal tissue was defatted and hair follicles were cauterized. After an uneventful hospital stay, Plaintiff was discharge on September 16, 2016.

Besides complaints of tightness at the October 25, 2016 plaintiff did not have any complaints at her postoperative visits until March 20, 2017. On March 20, 2017 plaintiff reported being very happy with her results, however, she thought that there were hairs growing in her vaginal canal. Four hairs were found and a plan was made for plaintiff to return in 2 weeks to have the hairs removed by Dr. Rumer. On April 10, 2017 Dr. Rumer removed 4 small hairs from

the vaginal canal using forceps. The plaintiff was advised to follow up on the one year anniversary date of her surgery, earlier if she had any problems.

On June 20, 2017, Plaintiff contacted Dr. Rumer's office and reported that hair was re-growing in her vagina. She was advised that she could be seen in the office for evaluation. Plaintiff was a no show, no call for her one year follow up appointment on September 11, 2017.

Plaintiff returned to Dr. Rumer on November 27, 2017 to discuss additional breast augmentation. It was also documented that she reported no problems with her vaginoplasty and was happy with the results. It was later learned that plaintiff had undergone revision vaginoplasty with Jess Ting, M.D. on September 12, 2017.

Defendants Kathy L. Rumer D.O., F.A.C.O.S. and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery will prove that they complied with the standard of care in performing Roxanne Thompson's gender reassignment surgery on September 13, 2016. Hair regrowth is a recognized complication of vaginoplasty. Complete hair removal, whether it is done pre-operatively or post-operatively is never guaranteed. There are differing schools of thought on the subject of hair removal when performing gender reassignment surgery.

### III.   DAMAGES

Please see Plaintiff Roxanne Thompson's Pretrial Memorandum.

Defendants rely upon expert, Maurice Garcia, M.D. Dr. Garcia will testify to the standard of care as to gender reassignment surgery and specifically as to the decision to perform intraoperative hair removal prior to the creation of the neo-vagina, as well as to the surgical formation or creation of the clitoris, urethra, and labia and all post-operative care, including revision surgery and hair removal. Defendants Dr. Rumer and Delaware Valley Aesthetics,

PLLC d/b/a Rumer Cosmetic Surgery deny any and all liability and did not breach the standard of care with regards to the vaginoplasty of September 13, 2016.

**IV.　WITNESS**

1. Roxanne Thompson
   c/o Plaintiff's counsel
   Fact/Damages Witness

2. Jess Ting, M.D.
   c/o Plaintiff's counsel
   Fact/Liability Witness

3. Kathy Rumer, D.O.
   c/o Defense counsel
   Fact/Liability Witness

4. Heather Hallahan, PA-C
   c/o Defense counsel
   Fact Witness

5. Maurice Garcia, M.D.
   c/o Defense counsel
   Liability Witness

**V.　SCHEDULE OF EXHIBITS**

1. All pleadings;

2. All disclosure statements;

3. All discovery requests and answers to the same for all parties;

4. All records produced in response to subpoena by any party;

5. All medical records, radiology images and reports from Rumer Cosmetic Surgery;

6. All medical records, radiology images and reports from Delaware County Memorial Hospital;

7. All medical records, radiology images and reports from Jess Ting, M.D.;

8. All medical records, radiology images and reports, and photographs from New York Electrolysis;

9. All medical records, radiology images and reports from Mount Sinai Hospital;

10. All medical records, radiology images and reports from Mount Sinai Beth Israel;

11. All medical records, radiology images and reports from Aaron Grotas, M.D.;

12. All medical records, radiology images and reports from Frank Fang, M.D.;

13. All medical records, radiology images and reports from Alexandra Stidham, LMSW;

14. All medical records, radiology images and reports from Ortega Psychology, PLLC;

15. All medical records, radiology images and reports from NY Eye and Ear Infirmary;

16. All records from Callen-Lorde Community Health Center;

17. All records from MJHS Home Care;

18. Curriculum Vitae of Kathy Rumer, D.O.;

19. Expert Report and Curriculum Vitae of Maurice Garcia, M.D.;

20. Expert Report and Curriculum Vitae of Jess Ting, M.D.;

21. Deposition Transcript of Roxanne Thompson;

22. Deposition Transcript of Kathy Rumer, D.O.;

23. Deposition Transcript of Antoine Bouie;

24. Deposition Transcript of Kevin Crawford;

25. Plaintiff's medical bills;

26. All relevant financial information and invoices;

27. Any and all expert report and curriculum vitae not listed herein;

28. Any and all pleadings of any party, not identified herein;

29. Any and all discovery exchanged during the course of litigation, not identified herein;

30. Any and all deposition transcripts not identified herein;

31. Medical literature;

32. Medical charts, graphs, visual images, models and depictions;

33. Charts and summaries of relevant medical information, which are to provided prior to trial;

34. Any and all other admissible documents listed in Plaintiff's Exhibit List;

35. Any and all medical records, radiology images and reports regarding Plaintiff, Roxanne Thompson;

36. Enlargements of any of the above listed exhibits.

Defendants reserve the right to supplement this list with additional exhibits up to and during the time of trial.

Defendants reserve the right to introduce exhibits listed by Plaintiff.

This list does not include documents and/or other exhibits which may be used for the purpose of impeachment and/or rebuttal.

## VI. ESTIMATED LENGTH OF TRIAL

4 to 5 days.

## VII. LEGAL ISSUES

Defendants anticipate filing Motions *in Limine*.

GERMAN, GALLAGHER & MURTAGH

BY: _____
John P. Shusted, Esquire
Chilton G. Goebel, III, Esquire
Lauren A. Green, Esquire
Attorneys for Defendant
Kathy L. Rumer, D.O., F.A.C.O.
and Delaware Valley Aesthetics, PLLC
d/b/a Rumer Cosmetic Surgery
The Bellevue, 5th Floor
200 S. Broad Street
Philadelphia, PA 19102
T: 215-545-7700
F: 215-732-4182

1852970_1.docx